UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60209-CIV-MARTINEZ/Bandstra

JOHN N. HEARN, *et al.*,            )
                                    )
Plaintiffs,                         )
                                    )
v.                                  )
                                    )
MICHAEL MCKAY, *et al.*,            )
and                                 )
THE AMERICAN MARITIME OFFICERS UNION, )
                                    )
Defendants.                         )

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION FOR PROTECTIVE ORDER**

Defendants AMERICAN MARITIME OFFICERS UNION (the "AMO") and THOMAS BETHEL, EDWARD KELLY, DONALD NILSSON, PAUL CATES, DANIEL SMITH, JOHN HAFNER, ROBERT KEIFER, JOSEPH GREMELSBACKER, and DONALD CREE ("Bethel, *et al.*") (collectively the "Defendants") reply to the Plaintiffs' Opposition to their Motion for Protective Order as follows:

**REPLY ARGUMENT AND MEMORANDUM OF LAW**

As a threshold matter, Defendants notify the Court that they withdraw the portion of their Motion for Protective Order and Incorporated Memorandum of Law (the "Motion") that sought an "order directing that the Plaintiffs shall inspect/copy the responsive records no earlier than the morning of November 26, 2007 at Defendant AMO's offices in Dania Beach." The Dania Beach record inspection occurred Monday afternoon and all day Tuesday on November 26-27.

*A.     The Motion is not Brought in Bad Faith*

Plaintiffs argue that the Motion is "baseless and…brought in bad faith." Plaintiffs accuse

Defendants of a dilatory tactic apparently because the Motion was filed relatively close to the current January 3 discovery deadline. If the Court considers this argument, it should also consider the history and timing of discovery in this case. The indisputable facts demonstrate that Plaintiffs have unnecessarily delayed discovery. Plaintiffs waited until August 15 to serve their initial production requests, when those could have been served at least five (5) months earlier.

Rule 26(d) of the Federal Rules of Civil Procedure provides that "[e]xcept in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Rule 26(f) in turn provides that

> Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), to discuss any issues relating to preserving discoverable information, and to develop a proposed discovery plan …

Under Local Rule 26.1(F)(1), discovery may be taken after "the parties have conferred as required by Federal Rule of Civil Procedure 26(f)." Plaintiffs never attempted to conduct a discovery planning conference, much less "as soon as practicable." Fed. R. Civ. P. 26(f).

Instead, on February 27, 2007, Plaintiffs moved for accelerated discovery in advance of the Rule 26(f) Conference. See D.E. #5. In opposition to Plaintiffs' request for accelerated discovery, Defendants requested that the Court deny the Motion, but also requested that the Court "direct that the parties follow the normal procedures of discovery established in the Federal Rules of Civil Procedure." D.E. #15 at p. 7. Plaintiffs never attempted to schedule a Rule 26(f) Conference.

On May 31, the Court denied the motion to accelerate discovery. See D.E. #41. By

separate order that same day, the Court *sua sponte* directed that the parties meet and confer to prepare a scheduling report and proposed scheduling order. On June 22, the scheduling report and proposed order were filed. Nearly two months later, Defendants undersigned counsel received Plaintiffs first production request. The Court should reject the argument that the Defendants are delaying Plaintiffs' prosecution of this case. This is especially true where Plaintiffs could have sought a Rule 26(f) conference on February 27 instead of accelerated discovery. If Plaintiffs had followed the normal Rule 26(f) procedure, Plaintiffs' initial discovery could have been served very easily by March 15, instead of five months later.

Plaintiffs have delayed this matter unnecessarily in two other ways. Plaintiffs' counsel also never sent a counteroffer regarding the scope of the Stipulation and Order on Confidentiality. Defendants' counsel sent detailed letters regarding the confidentiality proposal, which also advised Plaintiffs' counsel that its position could harm the AMO by revealing union secrets to AMO's opponents. Plaintiffs' counsel summarily rejected the proposed stipulation and did not even attempt to negotiate over its terms. Additionally, Plaintiffs' counsel has caused delay by refusing to communicate with attorneys from the Glanstein firm. See Defendants' Response to Plaintiffs' Motion to Compel at p. 2, fn. 2.

If the opposition feels that delay occurred during discovery, they should examine their own failure to serve any discovery until August. The Court should consider these indisputable facts and find that Plaintiffs, not Defendants, have delayed discovery.

      B.    *The Motion Complies with the Local Rule Regarding Timeliness*

Defendants' Motion is timely. The Plaintiffs' argument, that parties **must** file a motion for protective order within thirty (30) days of **receiving** a discovery request, cites no authority to support the proposition. No such authority exists. Such an interpretation would render

meaningless the requirement that parties confer in good faith in an attempt to resolve the matter without court action, prior to filing any discovery Motion.

Applicable case authority on this issue contradicts Defendants' position. Rule 26.1(H)(1) "does not define what constitutes the 'occurrence of the grounds of the motion.'" U.S. v. Certain Real Prop., 444 F.Supp.2d 1258, 1261 (S.D. Fla. 2006). However, such an occurrence is clearly not the date that a discovery request is served. In U.S. v. Certain Real Prop., the Court held that the "date that claimant first objected to the Request for Production, January 5, 2006" was not the "occurrence of the grounds of the motion." Id. The court instead determined that the discovery motion was timely where it was filed within thirty days of deposition testimony relating to the original discovery request. See id.

The Motion, which Defendants filed November 14, is timely. The grounds for the motion occurred November 8. Defendants' counsel had sent a second detailed letter regarding his position on a proposed Stipulation and Order of Confidentiality as a final attempt to resolve the issues raised in the Motion without court action. See Exhibit 6 to Motion. On the morning of November 8, Plaintiffs' counsel rejected the position set forth by Defendants' counsel in his November 6 follow up letter. See Exhibit 7 to Motion. At the earliest, the grounds for the Motion ripened on November 2, when Plaintiffs' counsel initially rejected, without any attempt to negotiate, the proposed confidentiality stipulation referenced in an earlier letter.

    C.    *Confidentiality, Work Product, and Privilege were Timely and Properly Raised*

        1.    Defendants have not waived privilege or confidentiality assertions

Plaintiffs' arguments raised in Point II do not warrant denial of the Motion. The case cited by Plaintiffs, Third Party Verification Inc. v. Signaturelink, Inc., 2007 WL 1288361 (M.D. Fla. 2007), stands for the proposition that objections and claims of privilege may be waived if

4

not **timely** asserted. See Signaturelink, Inc. at p. 2 (emphasis added).  In that case, the motion to compel occurred after the party "failed to timely respond" to interrogatories and a production request.  Defendants here indisputably responded to the production requests on time.

Defendants also provided their privilege log in compliance with S.D. Fla. L.R. 26.1(G)(3) and Fed. R. Civ. P. 26(b)(5)(A).  A party is obligated to prepare and serve the privilege log when "an answer is not provided on the basis" of privilege. S.D. Fla. L.R. 26.1(G)(3)(a).  Defendants had not yet withheld "information otherwise discoverable…by claiming that it is privileged," until the Plaintiffs' counsel examined the documents in Dania Beach.

2.      Defendants' counsel advised Plaintiffs' counsel as to which documents contain strategies

Defendants counsel has specifically described the documents that contain confidential AMO strategic information.  In letters dated November 1 and November 6, Defendants undersigned counsel advised opposing counsel that AMO Executive Board Meeting Minutes contained AMO strategies that were the functional equivalent of corporate trade secrets.  See Exhibits 6 and 7 to Motion.  The record shows clearly that Defendants' counsel has not refused to describe the documents or the information they contain regarding AMO strategies.

3.      The fiduciary exception to the attorney-client privilege does not apply in this case

In order to determine whether the exception applies, federal courts apply the Garner doctrine. See Garner v. Wolfinbarger, 430 F.2d 1093 (5th Cir. 1970).  Plaintiffs do not cite Garner and thus have not demonstrated to the Court whether good cause exists for holding that the exception to attorney-client privilege exists.  In Garner the Fifth Circuit held that the following nine factors should be considered:

> [1] the number of shareholders [seeking discovery] and the percentage of stock they represent; [2] the bona fides of the shareholders; [3] the nature of the shareholders' claim and whether it is obviously colorable; [4] the apparent necessity or desirability of the shareholders having the information and the availability of it from other sources; [5] whether, if the shareholders claim is of wrongful action by the corporation, it is of action

>criminal, or illegal but not criminal, or of doubtful legality; [6] whether the communication related to past or to prospective actions; [7] whether the communication is of advice concerning the litigation itself; [8] the extent to which the communication is identified versus the extent to which the shareholders are blindly fishing; [9] the risk of revelation of trade secrets or other information in whose confidentiality the corporation has an interest for independent reasons.

Garner, 430 F.2d at 1104. Plaintiffs have not attempted to explain to the Court how they meet these standards. In any event, Plaintiffs do not pass some of the above-referenced tests. Plaintiffs are a microscopic percentage of union members. They are all are political candidates that unsuccessfully ran for AMO office. No other AMO members have joined their actions. Plaintiffs have also not addressed the issue as to whether they can obtain the information from other sources.

The fiduciary exception arises "when an administrator is required to justify or to defend against a beneficiary's claims made because of an act of plan administration" Coffman v. Metro. Life Ins. Co., 204 F.R.D. 296 (S.D. W.Va. 2001). "[C]ommunications…triggered by the trustee's need for advice on how to carry out his fiduciary responsibilities" are the only possible communications to which the exception could apply. In re Omnicom Group, Inc. Sec. Litig., 233 F.R.D. 400, 410 (S.D. N.Y.2006). There are no such communications listed in the privilege log, and thus the exception is inapplicable. See Exhibit 1. The Court should reject Plaintiffs attempt to apply this exception in a wholesale manner to AMO. This is especially true where: 1) Plaintiffs have not demonstrated to the Court how they meet the applicable tests for establishing the exception and 2) no documents exist regarding communications that advise AMO officers as to how they should exercise their fiduciary duties.

### D.     The Grand Jury Objection is Proper

Plaintiffs do not meet the Douglas test regarding the grand jury transcripts. This case is distinguishable from Callahan v. AEV, Inc., 947 F. Supp. 175 (W.D. Pa. 1996). In Callahan, the

6

court reasoned that:

> Given that the grand jury investigation began seven years ago, some witnesses may have difficulty remembering what was said to the grand jury. Thus, there is a valid reason for seeking and using the transcripts.
>
> The need for continued secrecy of the grand jury testimony here seems minimal. The purpose of the grand jury privilege is to protect the grand jury and its deliberative process and to protect the unindicted accused.

Callahan, 947 F. Supp. at 179.  Here, the Plaintiffs will use the transcripts to punish the unindicted accused Defendants Bethel *et al*.  Second, the grand jury testimony, as admitted by Plaintiffs, occurred two years ago or less, not seven years prior as in Callahan.  The loss of memory is not of concern.

Third, Plaintiffs provide no evidence that their request is structured to cover only the material needed. See Douglas Oil Co. v. Petrol Shops, Inc., 441 U.S. 211, 222 (1979).  The production request seeks copies of entire transcripts, without limitation.  Plaintiffs do not know with certainty the complete subject matter of each Officer Defendants' testimony to the grand jury.  It thus is impossible to determine whether the entire, un-edited transcripts (which are what Plaintiffs request) cover only material needed to prove their case.  The Court should reject the argument raised in Point III regarding the grand jury transcripts.

WHEREFORE, Plaintiffs have unreasonably delayed discovery and provided inadequate legal support for their legal arguments in their Opposition to the Motion.  The Court should grant Defendants' Motion for Protective Order.

Respectfully submitted,

**SUGARMAN & SUSSKIND, P.A.**
mbraswell@sugarmansusskind.com
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Tel: (305) 529-2801
Fax: (305) 447-8115

By: /s/ D. Marcus Braswell Jr. /s/
    D. MARCUS BRASWELL, JR.
    Fla. Bar No. 146160

**CERTIFICATE OF SERVICE**

I certify that on December 3, 2007, I electronically filed the foregoing with the Clerk of Court using CM/EF.  I also certify that the foregoing is being served this day on all parties and/or counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ D. Marcus Braswell, Jr.
    D. MARCUS BRASWELL, JR.

**SERVICE LIST**
**Case No. 07-60209-CIV-MARTINEZ/Bandstra**

| **Alan M. Grunspan, Esq.** | **Bill Osborne, Esq. and Jason J. Valtos, Esq.** |
|---|---|
| **Carlton Fields, P.A.** | **OSBORNE LAW OFFICES, P.C.** |
| 100 S.E. 2nd Street, Suite 4000 | 4301 Connecticut Avenue N.W., Suite 108 |
| Miami, FL  33131 | Washington, DC 20008 |
| Tel.: (305) 530-0050 | Tel.: (202)243-3200 |
| Fax: (305) 530-0055 | Fax: (202)243-3207 |
| Email: agrunspan@carltonfields.com | bosborne@osbornelaw.com & jvaltos@osbornelaw.com |

**O'DONNELL, SCHWARTZ,** *et al.*     **Lead Counsel for Officer Defendants and AMO**
60 East 42nd Street, Suite 2240
New York, NY  10165